IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE CARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO.   03-2528 Ml/An |
| | ) | |
| AMISUB (SFH), INC. d/b/a | ) | |
| ST. FRANCIS HOSPITAL and B. | ) | |
| LAWSON, M.S., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING IN PART AND DENYING IN PART EMERGENCY MOTION TO EXTEND ALL DEADLINES AND TO SET A NEW RULE 16(b) SCHEDULING CONFERENCE

Before the Court is Plaintiff's Emergency Motion to Extend All Deadlines and to Set a New Rule 16(b) Scheduling Conference filed on April 22, 2005. For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause and by leave of the District Judge, or when authorized by Local Rule, by a Magistrate Judge."[1] Fed. R. Civ. P. 16(b). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management orders and requirements." *Latonia Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citing *Bradford v. Dana Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

---

[1] Pursuant to Administrative Order No. 2003, Motions to Amend Scheduling Order are to be decided by the Magistrate Judge without a specific order of reference.

1

In this case, Plaintiff requests that the Court extend all discovery deadlines, but Defendants oppose any extension by the Court. Defendants state that Plaintiff's counsel James W. Hodges, Jr. has been involved with this case for an extended period of time; therefore, the Court should not permit Mr. Hodges additional time to conduct discovery. Defendants argue that Mr. Hodges entered a Notice of Appearance in this case on January 15, 2004, but after review, the Court concludes that the docket sheet does not indicate that Mr. Hodges entered a Notice of Appearance. Mr. Hodges did not sign Plaintiff's Complaint, and Mr. Hodges first signed a pleading on March 12, 2004 when he signed Plaintiff's Response to Defendant's Motion to Dismiss.[2] Therefore, Mr. Hodges was involved in this case for at least nine months before the December discovery deadline.

Additionally, former Plaintiff counsel Mr. W. Michael Lakey stated in his Motion to Withdraw that Mr. Hodges was responsible for preparing a draft of Plaintiff's discovery requests by December 6, 2004, but Mr. Hodges did not timely prepare the draft. Mr. Lakey therefore requested he be permitted to withdraw because of Mr. Hodges' "inaction in achieving compliance with the Court's deadline for written discovery." (Lakey's Mem. in Supp. of Mot. to Withdraw as Counsel, at 2). On December 21, 2004, United Stated District Judge Jon P. McCalla granted Mr. Lakey's Motion to Withdraw, leaving Mr. Hodges as the only counsel of record for Plaintiff.

An initial Rule 16(b) Scheduling Order was entered by the Court on October 21, 2003 (docket entry # 9). These deadlines were later modified by Judge McCalla on October 15, 2004. In a revised Scheduling Order, Judge McCalla established that written discovery was due no later

---

[2] Former Plaintiff counsel Mr. Lakey signed Mr. Hodges' name with permission.

2

than December 17, 2004.[3] The parties thereafter filed a Joint Motion for Extension of Deadlines on December 22, 2004, and the undersigned granted the Motion for Extension of Discovery Deadlines on January 4, 2005, giving the parties until February 1, 2005 to complete discovery. On February 1, 2005, Plaintiff filed an additional Motion to Extend the Discovery Deadline, but this motion was opposed by Defendant. The Court denied this motion as moot because the time period relevant to the motion had lapsed.[4]

The instant motion requests that the Court establish all new deadlines and conduct a new Scheduling Conference. After review, the Court does not find that Plaintiff has shown sufficient good cause to start this case from the beginning and establish all new dates for completing pre-trial matters. Nevertheless, there may have been some confusion over when Mr. Hodges was to assume full responsibility of this case and there may have been some confusion over whether the parties were to complete discovery by December 2004 or June 2005.[5] Therefore, the Court concludes the current motion should be **GRANTED** in part and **DENIED** in part. Based upon the Minute Entry from the October 15, 2004 Conference, the Rule 16(b) Scheduling Order should be amended to give the parties until June 17, 2005 to complete written discovery in this case.

---

[3]The Court's Scheduling Order, entered on October 21, 2004, lists December 17, 2004 as the discovery deadline. However, the Court notes that the Minute Entry for the status conference held before Judge McCalla on October 15, 2004 lists the deadline for discovery as June 17, 2005.

[4]In a footnote in the Order denying the motion as moot, Judge McCalla stated that Plaintiff had demonstrated good cause for an extension of time to complete written discovery, and that the Plaintiff could file an additional motion seeking additional time to complete written discovery, if necessary. However, the instant motion requests that all new deadlines be established and that a new Scheduling Conference be held.

[5]The undersigned's law clerk spoke with Mr. Hodges, and Mr. Hodges notified the Court he had not received a copy of the Court's Order Granting Mr. Lakey's Motion to Withdraw. The Court, however, notes that Mr. Hodges is listed as the first entry of Notice of Distribution.

Plaintiff's request to extend the remaining deadlines is **DENIED**. All remaining deadlines in the Court's Scheduling Order, entered on October 21, 2004, shall remain as established.

**IT IS SO ORDERED.**

*S. Thomas Anderson*
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 27, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:03-CV-02528 was distributed by fax, mail, or direct printing on June 7, 2005 to the parties listed.

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Karen S. Koplon
THE HARDISON LAW FIRM
119 South Main St.
Ste. 300
Memphis, TN 38103

James W. Hodges
HODGES & HODGES
5100 Poplar Avenue
Ste. 610
Memphis, TN 38137

Honorable Jon McCalla
US DISTRICT COURT